WESLEY DILL V. STATE OF NEBRASKA.

FILED DECEMBER 30, 1922. No. 22894.

False Pretenses. Obtaining by fraud an extension of time for the payment of a preexisting debt honestly incurred by purchasing merchandise on credit is not a violation of the statute condemning the obtaining of credit by false pretenses. Comp. St. 1922, sec. 9892.

ERROR to the district court for Burt county: CHARLES A. GOSS, JUDGE. *Reversed and dismissed.*

B. C. *Enyart,* for plaintiff in error.

Clarence A. *Davis, Attorney General,* and *Jackson B. Chase, contra.*

Dill v. State.

Heard before Morrissey, C. J., Rose, Dean and Day, JJ., Shepherd, District Judge.

Per Curiam.

In a prosecution by the state in the district court for Burt county, Wesley Dill, defendant, was found guilty under a complaint charging that he obtained an "extension of credit" by false pretenses. He was sentenced to serve in the state reformatory a term of one to five years. As plaintiff in error he presents for review the record of his sentence and insists that there is no evidence that he violated the statute under which he was prosecuted.

The judgment cannot be permitted to stand. The statute provides for the punishment of any one who by false pretenses obtains credit with intent to cheat the person wronged. Comp. St. 1922, sec. 9892. It is only for a criminal act condemned by the statute that a conviction can be sustained. The jury found that defendant by means of false pretenses procured from H. M. Metzler an extension of credit for $104.48. For that sum defendant was indebted to Metzler, a general merchant, for groceries and other merchandise. Defendant bought the goods on credit. In connection with the original transactions resulting in the purchase and the credit, there is no evidence of false pretenses or other fraud in any form on the part of defendant. After the credit had been obtained by defendant, he evidenced the indebtedness by a note for $104.48, and to secure it he gave a chattel mortgage on a bay horse, a black mare and a set of harness. Alleged false pretenses in regard to the chattels described is the basis of the prosecution and conviction. The evidence is undisputed that what defendant obtained by the note and the chattel mortgage was a mere extension of time for the payment of a preexisting debt. This was not the obtaining of a credit and was not a violation of the statute under which defendant was prosecuted. *Mason v. State*, 99 Neb. 221.

The judgment of the district court is reversed and the prosecution dismissed.

REVERSED AND DISMISSED.